**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated, | No. 16-56697 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02309-JAH-BLM |
| v. | |
| ADVANCEPIERRE FOODS, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted April 12, 2018
Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and CHEN,[**] District Judge.

Plaintiff-Appellant Shavonda Hawkins brought a putative class action suit

against Defendant-Appellee AdvancePierre Foods, Inc., on behalf of a nationwide

class of individuals who purchased "Fast Bites," a line of microwavable

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

sandwiches containing partially hydrogenated oil (PHO) manufactured or distributed by AdvancePierre. Hawkins alleged that the use of PHOs in human food violated California law. The district court dismissed Hawkins's complaint, and Hawkins timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We assume without deciding that Hawkins's claims are not preempted by federal law. *See California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989). Nevertheless, she has failed to state a claim for a violation of California's Unfair Competition Law (UCL) or for breach of the implied warranty of merchantability.

Hawkins has standing to assert a claim under the UCL because she has alleged an economic injury as a direct result of AdvancePierre's inclusion of PHO in Fast Bites. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011). However, her allegations do not establish the requisite "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A claim under the "unlawful" prong requires a predicate violation of another law, *see Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999), but federal law did not prohibit PHOs prior to June 18, 2018, *see* Consolidated Appropriations Act of 2016, Pub. L. No. 114–113, § 754, 129 Stat. 2242, 2284 (2015). Hawkins's complaint also cited a provision of California's Sherman Act that adopted federal law, Cal. Health & Safety Code § 110100, but

AdvancePierre's use of PHOs did not violate this provision because it did not violate federal law. Hawkins cannot satisfy the "unfair" prong of the UCL under either of the two tests used by California courts. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865–67 (9th Cir. 2018); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169–70 (9th Cir. 2012).

2. Hawkins has also failed to state a claim under California law for breach of the implied warranty of merchantability. *See* Cal. Com. Code § 2314(1). Her allegation that she "is a busy person and cannot reasonably inspect" ingredients in the food she purchases does not excuse her failure to examine the labels on the Fast Bites she purchased. *See id.* § 2316(3)(b).

**AFFIRMED**.